J-S09008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIOVANNI VALONA | : | |
| | : | |
| Appellant | : | No. 1416 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009530-2021

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED MAY 20, 2025**

Giovanni Valona appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction of one count of aggravated assault—bodily injury with a deadly weapon.[1] After careful review, we affirm.

The trial court summarized the factual history as follows:

At some time before November 5, 2020, [] Jose Rosario and his nephew, [Valona], made an agreement that [] Rosario would register a vehicle in his name for [Valona], to lower the cost of [] car insurance, so long as [Valona] remained out of trouble. Sometime thereafter, [] Rosario[] learned from local television news that [Valona] had been arrested for assaulting a panhandler with a pit bull at a gas station. Upon learning of [Valona's] arrest, [] Rosario called [Valona] and said "you know what, you're

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(4).

reckless. . . . Do me a favor man, I'm taking [your] car out [my] name and that's it" because [Valona] had broken their agreement.

On or about November 5, 2020, around 1:30 a[.]m[.,] Rosario entered the Wawa convenience store on [Richmond] Street in the Bridesburg section of [] Philadelphia. Rosario saw [Valona] and [Valona's] girlfriend, Angela Sanchez, when he was paying the cashier. Upon [Valona] seeing [] Rosario, he "gripped [him] up" into a "bear-hug" and said "this ain't finished yet, I'll meet you outside." [] Rosario told [Valona] he did not have time to deal with him as he was on his way to work. [Valona] said to [] Rosario, "I'm going to get you, I'm going to get you. You took the car out [your] name. You took the car out your name and you know I needed that." [] Rosario said to [Valona] "I ain't got time for you, I'm done." Rosario left the store after paying for his items and began to walk towards his truck. Shortly thereafter, [Valona approached Rosario and Rosario said] "Listen I don't have time for that, I have to get to work." [Valona] said "no we're going to finish this right now" and . . . stabbed [] Rosario with a pocketknife [] four times in his arm and on the leg[.]

After stabbing [] Rosario, [Valona] ran and entered his vehicle. As [Valona drove past Rosario], he stopped and said [] "Tio don't snitch me out. There's cameras right here." [Police were called and] Police Officer Dominico Marisco arrived on the scene at [] 1:46 [a.m.] Upon [] arrival, Officer Marisco noted that [] Rosario was visibly distraught and injured with [] stab wound[s] to the left shoulder and left forearm. [] Rosario was transported to [Thomas] Jefferson [University] Hospital[,] where he was treated for his stab wounds with approximately six stitches on his arm and forearm.

Trial Court Opinion, 9/25/24, at 1-2 (citations omitted).

On August 31, 2021, Valona was arrested and charged with, *inter alia*,[2]

the above-mentioned offense. On November 7, 2023, the Commonwealth

filed a motion in limine to admit prior acts, in particular, evidence of Valona's

---

[2] Valona was also charged with possession of instrument of a crime (PIC), simple assault, and recklessly endangering another person (REAP). The Commonwealth nolle prossed the PIC and REAP offenses, and the jury found Valona not guilty of simple assault.

and Rosario's agreement that Valona stay out of trouble in exchange for Rosario putting his name on the car for lower insurance payments. *See* Motion in Limine, 11/7/23. Prior to trial, the trial court conducted a hearing, after which it granted the Commonwealth's motion in limine and proceeded immediately to a jury trial.

At trial, the Commonwealth introduced the Pa.R.E. 404(b) evidence of Valona's arrest for assaulting a panhandler with a pit bull and Rosario's resulting reneging on their deal as a motive for the assault. *See* N.T. Jury Trial, 11/14/23, at 37, 52. Additionally, the Commonwealth introduced Wawa's surveillance footage, which depicted Valona stabbing Rosario. *See id.* at 33-36, 43-45 (Commonwealth admitting videos into evidence and Rosario identifying Valona in videos showing Valona stabbing Rosario). The jury ultimately convicted Valona of the above-mentioned offense. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report.

On April 18, 2024, the trial court conducted a sentencing hearing and sentenced Valona to 11½ to 23 months in county jail followed by three years of supervised probation. Valona did not file a post-sentence motion.

Valona filed a timely notice of appeal[3] and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Valona now raises the following claims for our review:

> 1. Did the trial court err[] in admitting evidence of other acts, wrongs, or crimes, under [Pa.R.E.] 404?
>
> 2. Did the trial court err[] in refusing to instruct the jury on the lesser included offense of simple assault?

Brief for Appellant, at 3.

In his first claim, Valona argues that the trial court erred in granting the Commonwealth's motion in limine. *See id.* at 8-11. Valona contends that the Commonwealth's motion, filed one week before the start of trial, lacked sufficient notice and failed to provide the defense with enough time to prepare a response. *See id.* at 8-9. In particular, Valona posits that the Commonwealth's motion in limine presented a new alleged motive for the assault—that Rosario had terminated their car insurance deal after he learned of Valona's arrest for assaulting the panhandler with a pit bull. *See id.* Valona alleges that the Commonwealth acted in bad faith by waiting to file its motion in limine until after the trial court directed that no further continuances would be permitted. *See id.* at 9. Valona further asserts that he was prejudiced by

_____

[3] The 30th day following the imposition of Valona's sentence was May 18, 2024, a Saturday, and accordingly, Valona had until Monday, May 20, 2024 to timely file his notice of appeal. *See* 1 Pa.C.S.A. § 1908 ("[w]henever the last day of any such time period shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation.").

- 4 -

the admission of the evidence because he was unable to properly form a defense. *See id.* at 10-11. We disagree.[4]

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence of record." *Commonwealth v. Harris*, 884 A.2d 920, 924 (Pa. Super. 2005). "It is not sufficient to persuade the appellate court that it might have reached a different conclusion[, rather,] it is necessary to show an actual abuse of the [trial court's] discretionary power." *Commonwealth v. Bryant*, 67 A.3d 716, 726 (Pa. 2013) (citation and quotation marks omitted).

Relevance is the threshold for admissibility of evidence. *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008). Pursuant to Pa.R.E. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence[] and [] the fact is of

_____

[4] While we address the merits of Valona's claim, we note our dissatisfaction with Valona's argument section on this issue. Valona does not cite to the place in the certified record where his claim is preserved, or to any authority that supports his position other than Rule 404(b) itself. *See* Pa.R.A.P. 2119(a) (providing appellant's arguments shall include "such discussion and citation of authorities as are deemed pertinent"). Nevertheless, Valona, in his statement of the case section, cites to where in the record he preserved his challenge and, thus, we address the merits.

- 5 -

consequence in determining the action." Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable[,] or supports a reasonable inference or presumption regarding a material fact." **Drumheller**, 808 A.2d at 904. "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Pennsylvania Rule of Evidence 404(b) provides as follows:

**Rule 404. Character Evidence; Other Crimes, Wrongs, or Acts**

* * *

**(b) Other Crimes, Wrongs or Acts.**

*(1) Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case[,] this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

(3) *Notice in a Criminal Case*. In a criminal case[,] the prosecutor must provide reasonable written notice in advance of trial so that the defendant has a fair opportunity

to meet it, or during trial in the court excuses pretrial notice on good cause shown, of the specific nature, permitted use, and reasoning for the use of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(1)-(3).

"[E]vidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1283 (Pa. Super. 2004). Nevertheless, "[e]vidence may be admissible in certain circumstances[,] where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Id.* Specifically, other crimes evidence is admissible if offered for a non-propensity purpose, such as proof of an actor's knowledge, plan, motive, or identity, or absence of mistake or accident. *Commonwealth v. Chmiel*, 889 A.2d 501, 534 (Pa. 2005). When offered for a legitimate purpose, evidence of prior crimes is admissible if its probative value outweighs its potential for unfair prejudice. *Commonwealth v. Hairston*, 84 A.3d 657, 664-65 (Pa. 2014).

Unfair prejudice "means a tendency to suggest decision on an improper basis or to divert the [fact-finder]'s attention away from its duty of weighing the evidence impartially." *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007).

> Evidence will not be prohibited merely because it is harmful to the defendant. This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the [fact-finder]'s consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the

- 7 -

events and offenses for which the defendant is charged. Moreover, we have upheld the admission of other crimes evidence, when relevant, even where the details of the other crime were extremely grotesque or highly prejudicial.

*Id.*

Rule 404(b) was amended on December 2, 2021[5] to require the Commonwealth to provide "**reasonable written** notice in advance of trial" of its intent to introduce such prior bad act evidence at trial. *See* Pa.R.E. 404(b)(3); *see also Commonwealth v. Baker*, 319 A.3d 31 (Pa. Super. 2024) (Table)[6] (explaining amended Rule 404(b)(3) notice requirement only added "written notice"). Notice pursuant to this rule "must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence [and] should be sufficiently in advance of trial so the defendant and court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Pa.R.E. 403 have been satisfied[.]" Pa.R.E. 404, Comment.

Instantly, the Commonwealth filed its motion in limine to admit Valona's prior bad acts pursuant to Rule 404(b) one week prior to trial. *See* Motion in Limine, 11/7/23. The trial court scheduled the hearing on the motion for the

_____

[5] This amended rule went into effect on April 1, 2022, well in advance of Valona's trial and prior to the Commonwealth's motion in limine.

[6] *See* Pa.R.A.P. 126(a)-(b) (unpublished, non-precedential opinions of this Court filed after May 1, 2019, may be cited for persuasive value).

morning of the jury trial. Valona, thus, had an entire week to prepare both his response to the motion and a trial strategy. Whether the Commonwealth **could have** presented the motion in limine earlier does not control our analysis of whether Valona had sufficient time to prepare for the evidence. Moreover, we note that Valona **did not request** more time to address or prepare for the motion in limine evidence and we find that his argument to the contrary is baseless. Indeed, there is nothing in the record to support his argument that the trial would not have given him more time **because he never asked**. In light of the foregoing, we conclude that Valona had sufficient notice to prepare both for the pre-trial motion hearing and trial.

Moreover, we conclude that the trial court properly admitted Rosario's testimony as evidence of Valona's motive for assaulting Rosario under the Rule 404(b) motive exception. *See* Trial Court Opinion, 9/25/24, at 4-5 (concluding Rosario's testimony demonstrated Valona's motive for assaulting Rosario due to Rosario reneging on their agreement after Valona's previous arrest); *see also* Pa.R.E. 404(b)(2) (providing motive is permissible basis to admit evidence of prior bad acts). Furthermore, we conclude that Valona did not suffer unfair prejudice where he had at least one week to prepare a response and defense to Rosario's testimony, failed to request a continuance,

and the evidence was otherwise properly admitted. *See Dillon*, *supra*. Accordingly, Valona is entitled to no relief on this claim.[7]

In his second claim, Valona argues that the trial court erred in failing to instruct the jury on the lesser-included offense of simple assault. *See* Brief for Appellant, at 12.

Valona's one-page argument on this issue fails to comport with our appellate briefing rules. Valona's argument contains no citations to our standard of review, case law that supports his position, or citations to the record, and, thus, it is waived. *See* Pa.R.A.P. 2119(a) (providing appellant's arguments shall include "such discussion and citation of authorities as are deemed pertinent"); *id.* at (e) ("where under applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth . . . either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as

_____

[7] Even if we agreed with Valona, which we do not, we would afford him no relief because any error would have been harmless. *See Commonwealth v. Fulton*, 179 A.3d 475 (Pa. 2018) (error is harmless where "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant that the error could not have contributed to the verdict"); *see also Commonwealth v. Hamlett*, 234 A.3d 486, 492 (Pa. 2020) (appellate courts may raise harmless error sua sponte). Instantly, the Wawa surveillance videos depicted Valona grabbing Rosario inside the Wawa store and him subsequently stabbing Rosario in the Wawa parking lot. *See* N.T. Jury Trial, 11/14/23, at 33-36, 40-44. Additionally, Sanchez testified that Valona pulled out a knife and stabbed Rosario in the Wawa parking lot. *See id.* at 85-86. Thus, any error would have been harmless and, for that additional reason, Valona is entitled to no relief.

required by Pa.R.A.P. 2117(c)"). Rather, Valona's argument merely makes bald assertions. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant must "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2025